

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 24, 2017**

**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PATSY LAROE NORTON, | § | CASE NO. 15-10046-rlj13 |
| | § | |
| | § | |
| Debtor. | § | |

## MEMORANDUM OPINION AND ORDER

Patsy Norton, the debtor, seeks the Court's approval of a late-filed proof of claim that she filed as the secured claim of Communities of Abilene Federal Credit Union. The chapter 13 trustee, Robert Wilson, opposes such relief, submitting that the Court has no authority to sanction a late-filed claim. As this is a proof of claim filed by the debtor under Rule 3004 of the Federal Rules of Bankruptcy Procedure, the Court concludes that, unlike proofs of claim filed by creditors under Rule 3002, it does have authority to allow a late-filed claim if the late-filing was the result of excusable neglect. Such standard is satisfied here; Norton's request is granted.

## Background

Patsy Norton filed her petition for chapter 13 bankruptcy relief on March 19, 2015.[1] Schedule D of her schedules lists, as her only secured creditor, a debt to Communities of Abilene Federal Credit Union of $7,337.29 for a 2009 Buick Lacrosse.[2] The Buick is her only car; she uses it to commute to her job as a caregiver.[3] Norton's chapter 13 plan is a 36-month plan, with payments of $345.00 per month that result in total payments, the base amount, of $12,420.00. It appears that general unsecured creditors receive no distributions under the plan.[4] Out of that $345.00 per month, $221.00 goes to the debt on the car. Norton's plan was confirmed on June 26, 2015.[5]

The Order confirming Norton's plan states that "[p]ursuant to General Order 2010-01, Paragraph 8, as soon as practicable after the governmental claims bar date, the Trustee shall prepare and serve on Debtor's counsel . . . a Trustee's Recommendation Concerning Claims" (TRCC).[6] The governmental bar date was September 15, 2015.[7] By mistake, however, the trustee never submitted a TRCC for Norton's bankruptcy case.

---

[1] Case No. 15-10046, Doc. No. 1. All "Doc. No." references are to documents filed in this bankruptcy case, Case No. 15-10046. The Court takes judicial notice of the petition and schedules filed in the debtor's case. *Reed v. Cooper (In re Cooper)*, 426 B.R. 227, 239 (Bankr. N.D. Tex. 2010), *aff'd*, 443 Fed. App'x 888 (5th Cir. 2011).

[2] *Id.*

[3] Hearing held Nov. 30, 2016. All hearing citations reference this hearing.

[4] Doc. No. 2.

[5] Doc. No. 15.

[6] *Id.* The operative General Order for this case should have been General Order 2014-03 rather than General Order 2010-01.

[7] The deadline for governmental claims, other than those regarding tax returns, is 180 days after the order for relief. Rule 3002(c)(1). The commencement of a voluntary petition in bankruptcy constitutes an order for relief. § 301(b). The governmental bar date is thus 180 days after March 19, 2015. Unless otherwise noted, all section or Code references are to title 11 of the United States Code (the Bankruptcy Code) and all Rule references are to the Federal Rules of Bankruptcy Procedure.

Sometime around October 7, 2016—well over a year into Norton's three-year plan—the trustee's office informed Norton that the Credit Union never filed a proof of claim in the case.[8] From April 30, 2015 until September 30, 2016, the trustee had made distributions to the Credit Union per Norton's plan.[9] On October 21, 2016, Norton filed a proof of claim *on behalf of the Credit Union* and a motion seeking its allowance despite being late-filed.[10] The trustee objected, asserting that the Court has no discretion under Rule 3002(c) to enlarge the time limits for Norton's proof of claim, citing two cases from the Northern District: *In re Hogan*, 346 B.R. 715, 721–22 (Bankr. N.D. Tex. 2006), and *In re Fisher*, Case No. 15-33001-bjh13, Doc. No. 53 (Bankr. N.D. Tex. July 22, 2016).[11] Hearing on the motion was held November 30, 2016.

### Jurisdiction and Venue

The District Court for the Northern District of Texas has subject matter jurisdiction over the debtor's bankruptcy case and contested matters under 28 U.S.C. § 1334. Bankruptcy cases and proceedings arising in and arising under title 11 of the United States Code have been referred to this Court under the Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc, adopted in this district on August 3, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district under 28 U.S.C. § 1409.

### Discussion

Neither the Code nor the Rules *require* that a secured creditor file a proof of claim. Section 501 of the Code *permits* any creditor to file a proof of claim. § 501(a). The Rules do require, however, creditors with unsecured claims to file proofs. Rule 3002(a). This structure

---

[8] Hearing.

[9] Trustee's Ex. 3.

[10] Claim No. 4-1; Doc. No. 16.

[11] Doc. No. 17.

3

comports with the notion that liens generally pass through a bankruptcy unaffected. *See Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991). Secured creditors are thus guaranteed the right to "ride through" a bankruptcy without filing a claim. *In re Macias*, 195 B.R. 659, 662 (Bankr. W.D. Tex. 1996). But if a secured creditor wants to be paid under a debtor's chapter 13 plan, it must file a proof of claim. *Id*. The chapter 13 trustee makes distributions to creditors that are provided for "under the plan." § 1326(c). The Rules explain that these distributions go "to creditors whose claims have been allowed." Rule 3021. Only claims filed under § 501 are deemed "allowed." § 502(a); *Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 551 (5th Cir. 1985). Thus, "if a creditor elects not to file a claim, then it also elects not to be paid under the plan." *In re Hogan*, 346 B.R. at 720.

There is also a timeliness component to the filing of claims. Claims filed under § 501 are deemed allowed unless a party objects and the objection is sustained. § 502(b). One enumerated ground for sustaining an objection to a proof of claim is that the claim is untimely. § 502(b)(9). In a chapter 13 case, a proof of claim is timely filed if filed within 90 days of the first scheduled § 341 meeting. Rule 3002(c).[12] Though secured creditors are not required to file claims, if they choose to file, they, too, are subject to the same Rule 3002 time limit. *See In re Hogan*, 346 B.R. at 721; *In re Kelley*, 259 B.R. 580, 583–84 (Bankr. E.D. Tex. 2001); *In re Macias*, 195 B.R. at 663. In the context of a chapter 13 plan, this judicially created rule makes sense:

> [T]he function of the timeliness requirement is to aid in the orderly and efficient administration of bankruptcy cases. In the chapter 13 context, the trustee cannot perform her task of distribution in an orderly and efficient manner unless and until she knows with a certainty which creditors are entitled to receive how much money. That need is especially critical when it comes to secured claims. . . . [A] firm bar date will assure the trustee that, by a date certain, she can make distributions to a secured creditor in accordance with the claim as ultimately allowed. The rule

---

[12] The Rule provides for a handful of exceptions and special deadlines. For instance, proofs of claim from infants may receive an extension of time "in the interests of justice." None of the Rule 3002(c) exceptions apply here.

removes uncertainty and ameliorates the risk of liability on the part of the trustee
to the creditor.

*In re Macias*, 195 B.R. at 662–63 (footnotes omitted).

And while courts generally have discretion to extend or enlarge time limits, such is not
the case for proofs of claim filed by creditors in a chapter 13 case. Rule 9006(b)(1) provides that
the court may enlarge a time limit for cause, "where the failure to act was the result of excusable
neglect." But this is subject to paragraph (b)(3) of the rule that specifically excepts certain
filings, like proofs of claim filed under Rule 3002, from the court's discretion and allows
enlargement "only to the extent and under the conditions stated in [the respective rule]." Rule
9006(b)(3). There is no possible reprieve for excusable neglect at Rule 3002.

The two cases cited by the trustee illustrate the effect of Rule 9006(b)(3). The first case,
*In re Hogan*, was a consolidation of two unrelated cases with identical fact patterns: a secured
creditor attempting to receive distributions under a chapter 13 plan through the allowance of a
late-filed proof of claim, post-confirmation. 346 B.R. at 717. The court ruled that both secured
and unsecured creditors are subject to the same time limits for filing proofs of claim, that the two
parties there were late, and, as a result, the court was without discretion to enlarge the time limits
despite evidence of excusable neglect. *Id.* at 721, 724. *In re Fisher* involved a late-filed proof of
claim filed by the State of Texas Office of the Attorney General for past-due child support. No.
15-33001-bjh13, Doc. No. 53 at 1–2. Despite the pleas of equity from the Attorney General, the
court ruled that it had "no discretion under the facts of th[e] case" and denied the claim. *Id.* at 3.

The trustee makes the same argument here—that the Court is without discretion to
enlarge the time limit for the proof of claim filed by Norton beyond Rule 3002's deadline. But
the rule in the Fifth Circuit is more accurately that "courts may not rely solely on their equitable
powers and must instead look to the Bankruptcy Code and Rules" to determine the propriety of a

time extension. *Id.* at 2. Looking to the Code and Rules, the present case has one significant difference from the cases the trustee uses for support: debtors do not file proofs of claim on behalf of creditors under Rule 3002, they file them under Rule 3004.

This difference is critical. Section 501(c) of the Code permits debtors and trustees to file proofs of claim on behalf of non-filing creditors. Rule 3004 extends the time limit for debtors filing claims to 30 days beyond the creditor's time limit. The claim that Norton filed is well past the 30-day extension. But unlike Rule 3002, Rule 3004 is *not* excepted from eligibility for an enlargement under Rule 9006(b). This special treatment for debtors filing on behalf of creditors was mentioned no less than seven times by the court in *Hogan*.[13] Thus, under the authority of the Code and the Rules, "the court for cause shown may at any time in its discretion," after a motion, enlarge the time limit for a debtor filing a proof of claim on behalf of a creditor "where the failure to act was the result of excusable neglect." Rule 9006(b)(1). The Court thus has the authority to allow Norton's claim if its late-filing was the result of excusable neglect.

---

[13] First, "[t]he statute also provides . . . that if a creditor fails to file timely a proof of claim, . . . the debtor or the trustee . . . may file a proof of claim on the creditor's behalf. *See* 11 U.S.C. § 501(b) and (c)." *Hogan*, 346 B.R. at 719 n.5. Second, "[n]ote that Fed. R. Bankr. P. 3004 . . . provides: 'If a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the debtor or trustee may file a proof of claim within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable.'" *Id.* at n.6. Third, "[a]s earlier mentioned, this is subject to certain other parties'-in-interest right to file a proof of claim on the secured creditor's behalf." *Id.* at 720 n.9. Fourth, "[a] debtor or a trustee who fails timely to file a proof of claim on behalf of a creditor under Fed. R. Bankr. P. 3004, may obtain an enlargement of the Rule 3004 deadline for 'cause shown' where 'the failure to act was a result of excusable neglect.'" *Id.* at 721–22. Fifth, "[t]his court questions (or refines) the blanket statement made by certain courts, in response to *Pioneer*, that a bankruptcy court does not have the discretion to allow late filed proofs of claim in a Chapter 13 case. Specifically, the court cannot 'for cause shown,' including 'excusable neglect,' extend the time for a *creditor* to file a proof of claim pursuant to Rule 3002(c). Fed. R. Bankr. P. 9006(b). However, it would appear that a *debtor or trustee* may come in, pursuant to Rule 9006(b), and ask for permission to file a late filed proof of claim on the creditor's behalf in a Chapter 13 case, pursuant to Rule 3004, if the debtor or trustee can show some sort of excusable neglect for missing the Rule 3004 deadline for debtors and trustees." *Id.* at 722 n.11 (emphasis in original). Sixth, "[p]resumably, any secured creditor in this situation will ultimately seek relief from the stay or adequate protection if not receiving payments from the debtor during the Chapter 13 plan/case. It is this prospect that was no doubt the reason that Fed. R. Bankr. P. 3004 was enacted—giving a debtor or trustee the right to file a proof of claim for a creditor who, for whatever reason, does not timely file a claim pursuant to Fed. R. Bankr. P. 3002(c)." *Id.* at 723. Seventh, "[w]hen [the creditors did not file a claim], the Debtors or Chapter 13 trustee could have filed proofs of claim on their behalves." *Id.* at 724 n.13.

The excusable neglect standard, while applied to various late-filed papers in both bankruptcy and other federal courts,[14] was developed in a bankruptcy case that reached the Supreme Court, *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). *Pioneer* is similar to the case at hand. The facts there concerned an attorney that was late filing proofs of claim on behalf of his clients—unsecured creditors of a chapter 11 petitioner—because of a "significant disruption" in the attorney's professional life. *Id.* at 384. Proofs of claim in chapter 11 reorganization cases (and chapter 9 municipality cases) are governed by Rule 3003, which—like a debtor under Rule 3004—is also not excepted from the deadline enlargement potential of Rule 9006. The Supreme Court resolved a circuit split on the issue and, in so doing, overturned a number of circuits that applied a narrow view of excusable neglect that required "a showing that the delay was caused by circumstances beyond the movant's control." *Id.* at 387 n.3.

The Court in *Pioneer* looked first to the plain meaning of "neglect," stating that it "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id*. at 388. And, consistent with how the excusable neglect standard had been construed by the courts under other federal rules, the Court said that it is an "elastic concept." *Id*. at 392. "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id*. at 388. With that in mind, the Supreme Court developed the following test:

> [T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial

---

[14] *See, e.g.*, *Stotter v. Univ. of Texas at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (applying *Pioneer's* excusable neglect standard to the time limits of a notice of appeal).

proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 395.

The Supreme Court allowed the late-filed claim upon applying Rule 9006's excusable neglect standard. The Court clarified that "the proper focus is upon whether the neglect of respondents *and their counsel* was excusable"—i.e., debtors are held accountable for the actions of their counsel, but mitigating circumstances surrounding counsel's actions are taken into account. *Id.* at 397 (emphasis in original). Addressing the factors, the Court noted that despite not timely filing a proof of claim, the debts were already accounted for in the debtor's plan of reorganization. *Id.* There was thus no prejudice to the debtor or impact on the judicial proceedings. *Id.* at 398. The creditors' good faith was not challenged. *Id.* at 397. Such factors "weigh[ed] strongly in favor of permitting the tardy claim." *Id.* at 398.

As for the remaining factor, the reason for the delay, the Supreme Court gave "little weight" to counsel's excuse of the upheaval at his law firm, but did, "however, consider significant that the notice of the bar date provided by the Bankruptcy Court . . . was outside the ordinary course in bankruptcy cases." *Id.* The only notice of the bar date was incorporated in the notice for the meeting of creditors, which was a "peculiar and inconspicuous placement" that "left a 'dramatic ambiguity' in the notification." *Id.* (quoting the appeals court).

The situation here is similar. Norton listed the debt under Schedule D of her original schedules[15] and under section E of her original plan;[16] the plan was confirmed by the Court's order of June 26, 2015.[17] By the plan, payments from Norton to the trustee were distributed to

---

[15] Doc. No. 1
[16] Doc. No. 2.
[17] Doc. No. 15.

the bank for nearly a year and a half, totaling $2,424.88.[18]  Norton's good faith is not questioned, parties are not prejudiced, and the bankruptcy case is not adversely impacted.

As for the reason for the delay, similar to *Pioneer*, the deadline here was missed, at least in part because the trustee did not issue the TRCC.  Not sending the TRCC was, for cases in this district, "outside the ordinary course."  By General Order 2010-01 and the confirmation order, counsel should have received the TRCC "*as soon as practicable* after the governmental claims bar date."[19]  The TRCC serves as an objection to claims, including those that are scheduled but not filed.[20]  Ordinarily, the TRCC is the proper mechanism to address claim disputes, as claims "will be allowed or approved only as described in the TRCC, and such treatment will be binding on all parties without further order of the court."[21]

Norton (with counsel's advice and guidance) should have timely filed the Credit Union's claim; receipt of the TRCC would have likely reminded debtor's counsel that a claim needed to be filed.  The failings here are of little practical impact; they were benign and inadvertent.  The Credit Union, the affected creditor, did not object to Norton's request.  The late-filing of the Credit Union's claim by Norton was the result of excusable neglect.  Norton's motion to allow a late-filed claim is hereby approved.

SO ORDERED.

### End of Memorandum Opinion and Order ###

---

[18] Trustee's Ex. 3.
[19] Doc. No. 15 (emphasis added).
[20] General Order 2010-01 ¶ 8(b).
[21] Doc. No. 15.